PER CURIAM:
The claimant brought this action for damage to two handguns which occurred when the guns were taken into evidence pursuant to a criminal investigation by the respondent. The Court is of the opinion to deny the claim as stated more fully below.
On or about September 8, 1995, the respondent confiscated’two handguns, property of the claimant, in the course of investigating a shootout and hostage incident in Nicholas County. Several shots were fired during this incident, which involved the claimant, his brother-in-law, the claimant’s sister, and her 10-month-old baby. The claimant’s brother-in-law, Steve Stout, was taken into custody and subsequently plead guilty to wanton endangerment. The claimant was not charged. As part of their normal procedure, the respondent’s investigating State trooper scratched the frame of the handguns with his initials for evidentiary purposes at trial. The initials did not impair the firing mechanism. The claimant seeks $212.00 in compensation representing the lost value of the handguns due to their appearance.
It was the claimant’s position that the respondent should have marked the guns with tags, or used the serial number of the firearms, instead of scratching initials on the weapons. However, the respondent’s evidence was that normal State police procedure required scratching initials on the weapons for accurate and reliable evidence identification. Therefore, in view of the foregoing, the Court finds that the respondent acted reasonably and that there is insufficient evidence upon which to base an award. ‘ !
Claim disallowed.